<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ALICIA MARIA JARAMILLO, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: 07-2031 (JLL) |
| v. | ) ) | |
|  | ) | **OPINION** |
| UNITED STATES DEPARTMENT OF LABOR, JOSEPH PETRECCA, and JAMES DONDZIL, | ) ) ) ) | |
| Defendants. | ) ) | |

**LINARES**, District Judge.

This matter comes before the Court by way of a motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants. The Court has considered the submissions made in support of and in opposition to the motion. No oral argument was heard. Fed. R. Civ. P. 78. For the reasons set forth below, Defendants' motion is granted.

**I.    BACKGROUND**

Plaintiff was an employee in the Wage and Hour Division of the Department of Labor ("DOL") located in Mountainside, New Jersey. (Compl. ¶ 3.) Defendant James Dondzil was the Assistant District Director for the Wage and Hour Division in this location, and Defendant Joseph Petrecca was the District Director. (Id. at ¶¶ 5-6.) Both Mr. Dondzil and Mr. Petrecca supervised Plaintiff. (Id. at ¶¶ 8-9.) On November 28, 2005, Mr. Petrecca gave Plaintiff a letter notifying her

that she was being terminated from her position at the DOL. (Id. at 52.) Plaintiff asserts that her termination was the culmination of several years of discriminatory conduct by Mr. Dondzil and Mr. Petrecca. On or about June 19, 2002, Plaintiff filed a formal grievance against Mr. Dondzil and Mr. Petrecca. (Id. at ¶ 17.) Over the years, she filed other grievances "in response to Defendants' willful disregard of her qualifications and experience and failure to consider [her] for promotions and salary increases." (Id. at ¶ 28.) She asserts that she was "overlooked due to age, gender, and/or race." (Id. at ¶ 30.) She asserts that over the years, Mr. Dondzil and Mr. Petrecca made "numerous stereotypical, racially motivated, and racially biased remarks . . . to [her]." (Id. at ¶ 31; see also id. at ¶¶ 32-36.) Plaintiff filed the present Complaint on April 30, 2007.

## II.  LEGAL STANDARDS

On a motion made pursuant to Federal Rule of Civil Procedure 12(b)(6) courts must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). But, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Wilkerson v. New Media Tech. Charter Sch. Inc., 522 F.3d 315, 321 (3d. Cir. 2008). Thus, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Wilkerson, 522 F.3d at 322 (quoting Twombly, 550 U.S. at 556). In evaluating a plaintiff's claims under this standard, "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). However, "a document integral to or explicitly relied on in the complaint may be considered without converting the motion [to dismiss] into one for

summary judgment." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations omitted, alteration in original).

### III.    DISCUSSION

Defendant argues that Plaintiff's Complaint must be dismissed in its entirety because Plaintiff's claims of employment discrimination are governed by the requirements of bringing suit under Title VII of the Civil Rights Act of 1964, which Plaintiff has failed to meet.  Specifically, Defendants argue that Plaintiff has not brought suit against the correct party or within the time required.  They also argue that to the extent that Plaintiff asserts other claims that are based on assertions of employment discrimination that they are barred under Title VII.

Title VII is the "exclusive judicial remedy for claims of discrimination in federal employment."  Brown v. General Services Administration, 425 U.S. 820, 835 (1976); see also Francis v. Mineta, 505 F.3d 266, 271 (3d Cir. 2007) ("Title VII thus sweeps within its reach all claims of employment discrimination whether they are based on religion or another enumerated form of discrimination . . . .").  Additionally, Title VII contains specific requirements for filing suit.  First, under 42 U.S.C. § 2000e-16(c), the only proper defendant in this case is the Secretary of the Department of Labor.  See also Francis v. Joint Force Headquarters, No. 05-4484, 2006 U.S. Dist. LEXIS 72738, at * 16-17 (D.N.J. Apr. 10, 2006), aff'd 240 Fed. Appx. 534 (2007) (unpublished).  Finally, "a complaintant may not bring a Title VII suit without having first received a right-to-sue letter," and suit must be filed within ninety days of receipt of the letter. See Burgh v. Borough Council of the Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001). Thus, to survive a motion to dismiss, Plaintiff's Complaint must meet these requirements.

As an initial matter, Plaintiff brought suit against the Department of Labor, Mr. Dondzil,

and Mr. Petrecca, not the Secretary of the Department of Labor as required. Because the named defendants are not proper defendants under Title VII, the Title VII claims against them will be dismissed with prejudice. With respect to the absence of the Secretary as a defendant, in response to the Defendants' motion to dismiss, Plaintiff filed a motion to amend the Complaint to correct this deficiency. This motion is also pending before this Court. The Court will permit Plaintiff to amend the Complaint to add the Secretary as a Defendant. However, for the reasons discussed below, the Court will not accept the proposed amended complaint attached to the motion. Instead the Court will permit Plaintiff to file a new amended complaint correcting for all deficiencies addressed in this opinion.

Next, Plaintiff's Complaint does not state any facts related to a right-to-sue letter issued by the DOL.[1] Both parties, however, provide the right-to-sue letter as an attachment to their briefs. Because a right-to-sue letter is an integral part of a Title VII claim, the Court will consider this document. The letter was issued by the DOL on January 9, 2007. The Complaint states no facts regarding when Plaintiff received the letter, the date that triggers the beginning of the ninety day statute of limitations period. Plaintiff filed suit on April 30, 2007, 111 days after the letter was issued. While Plaintiff's attorney includes additional facts as part of Plaintiff's opposition brief, those facts are not properly considered for purposes of this motion to dismiss without converting the motion to one for summary judgment, which the Court declines to do given the stage of the proceeding and the other defects in the Complaint. Thus, Plaintiff has not plead sufficient facts to determine the timeliness of her Complaint. The Court, therefore, dismisses the Title VII claim

---

[1] Plaintiff's Complaint contains references to exhibits, however, no exhibits were filed with this Court.

without prejudice.

Finally, Plaintiff's Complaint does not clearly identify the claims she is asserting against Defendants. The Complaint contains four counts: (1) breach of covenant of good faith and fair dealing, (2) breach of contract; (3) hostile work environment, intentional infliction of emotional distress, harassment, and (4) failure to promote. However, in paragraph one of her Complaint identifying the purported basis of jurisdiction for this action, Plaintiff states that

> this action arises under the Fourteenth Amendment to the United States Constitution and under 42 U.S.C. §§ 1981, 1983, 1985 and 1986. Plaintiff also invokes this Court's jurisdiction under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, et seq. Plaintiff invokes this Court's pendant jurisdiction with respect to her claims based on the New Jersey Law Against Discrimination N.J.S.A. 10:5-1, et al."

(Compl. ¶ 1.) In her opposition to Defendants' motion to dismiss, Plaintiff makes arguments related to Title VII and asserts claims under Title 42 U.S.C. §§ 1985 and 1986, no other causes of action are mentioned. As stated above, Title VII is the exclusive remedy for claims based on employment discrimination brought by a federal employee. Charges of discrimination and unfair, inequitable treatment appear to be the basis for all of Plaintiff's claims. (See, e.g., Compl. Count Three, Hostile Work Environment, Intentional Infliction of Emotional Distress, Harassment, ¶ 3 ("The . . . actions of Defendants were motivated by their bias towards Plaintiff due to her age, gender and/or race . . . .").) Therefore, the additional causes of action appear to be precluded by Plaintiff's Title VII claim. Additionally, Plaintiff's Complaint states that she currently has another civil action pending in the District Court of New Jersey against Mr. Petrecca for harassment (Compl. ¶¶ 60-61), making at least one of the claims duplicative of other proceedings. Therefore, this Court will dismiss all other claims without prejudice. To the extent that Plaintiff chooses to re-plead any of these claims, Plaintiff is advised to clearly identify what claims are

being brought against which defendants.

### IV.     Conclusion

For the foregoing reasons, this Court dismisses Plaintiff's Complaint with leave to amend the complaint to correct any deficiencies.  An appropriate Order accompanies this Opinion.

DATED: March 9, 2009                              /s/ Jose L. Linares
                                                  JOSE L. LINARES
                                                  UNITED STATES DISTRICT JUDGE