NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALICIA MARIA JARAMILLO, | Civil Action No.: 07-2031 (JLL) |
| Plaintiff, | |
| v. | OPINION |
| LINDA SOLIS, SECRETARY OF LABOR, | |
| Defendant. | |

**LINARES**, District Judge.

This matter comes before the Court on a motion for summary judgment filed by the Secretary for the Department of Labor ("DOL"). The Court has considered the submissions in support of and in opposition to the motion and decides the matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons discussed below, the DOL's motion is granted.

I.   BACKGROUND

Ms. Jaramillo was an employee in the Wage and Hour Division of the DOL located in Mountainside, New Jersey. (Am. Compl. ¶ 3.) Defendant James Dondzil was the Assistant District Director for the Wage and Hour Division in this location, and Defendant Joseph Petrecca was the District Director. (Id., at ¶ 10.) Both Mr. Dondzil and Mr. Petrecca supervised Ms. Jaramillo. (Id., at ¶ 11.) On November 28, 2005, Mr. Petrecca gave Ms. Jaramillo a letter notifying her that she was being terminated from her position at the DOL. (Id., at ¶ 54.) Ms.

Jaramillo asserts that her termination was the culmination of several years of discriminatory conduct by Mr. Dondzil and Mr. Petrecca.  Over the years, Ms. Jaramillo filed several formal grievances in response to the alleged improper treatment.  A final agency decision letter regarding her claims of discrimination based on her national origin, race, religion, and sex as well as for alleged retaliation for her prior complaints was issued on January 9, 2007.  (See Dec. of Naomi Barry-Perez [hereinafter "Barry-Perez Dec."], Ex. 1, Final Agency Decision.)

Ms. Jaramillo asserts that she received the final decision, right-to sue, letter on January 31, 2007.  (Am. Compl. ¶ 6.)  On the other hand, Ms. Barry-Perez, Chief of the Office of Internal Enforcement of the Civil Rights Center ("CRC") of the DOL, states that the decision was mailed, via FedEx, on January 10, 2007.  (Barry-Perez Dec. ¶¶ 1, 14.)  Ms. Barry-Perez attests that when a final agency decision is issued, the CRC "creates and retains in its files . . . a 'Certificate of Service,' which indicates when, how, and to whom, [the decision] has been sent." (Id., at ¶ 6.) She also attests that "if the Certificate of Service does not contain a certain name or address, the CRC did not send a copy of the [decision] to that name and address." (Id., at ¶ 7.)  Ms. Barry-Perez completed the Certificate of Service for the mailing of Ms. Jaramillo's final agency decision letter.  (Id., at ¶ 14; id., at Ex. 2, Cert. of Service.)  The Certificate of Service indicates that Ms. Jaramillo's "Final Agency Decision was served by overnight mail" only on Ms. Jaramillo, at 103 6th Avenue, Long Branch, New Jersey.  (Id., at Ex. 2, Cert. of Service.)  The certificate is signed by Ms. Barry-Perez and includes the following FedEx tracking number: 791610994043.  (Id.)  The FedEx proof of delivery sheet for this tracking number indicates that the package was mailed on January 10, 2007, and delivered on January 11, 2007, at 11:23AM to Long Branch, New Jersey.  (Id., at Ex. 3, FedEx Proof of Delivery.)  No signature was required

for the letter. (See id.) Ms. Jaramillo filed her original complaint on April 30, 2007. (See CM/ECF No. 1.)

## II. LEGAL STANDARD

A court shall grant summary judgment under Rule 59(c) of the Federal Rules of Civil Procedure "if the pleadings, the discovery and disclosure materials on file, and any affidavits show thn iat there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party first must show that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to present evidence that a genuine issue of material fact compels a trial. Id. at 324. The non-moving party must offer specific facts that establish a genuine issue of material fact and may not simply rely on unsupported assertions, bare allegations, or speculation. See Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999). Also, the Court must consider all facts presented and the reasonable inferences drawn from them in the light most favorable to the non-moving party. See Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).

## III. DISCUSSION

### A. Failure to Promote and Assault Claims

Ms. Jaramillo's Amended Complaint asserts three claims against the DOL: hostile work environment, failure to promote, and assault. In its moving brief, the DOL argues that the failure to promote claim is barred for failure to administratively exhaust the claim. (See Br. in Supp. of Def.'s Mot. for Summ. J., at 28 (noting that the CRC "dismissed [Ms. Jaramillo's] 'failure to promote' allegations as untimely").) It argues that the assault claim is impermissible under the

Federal Tort Claims Act ("FTCA"), and that, in any case, she did not exhaust her administrative remedies for this claim either. (Id., at 38, 40.) Ms. Jaramillo does not address these arguments in her eight page opposition brief. Instead, she simply states that "all of [her] claims are actionable under the doctrine of hostile work environment." (Br. in Opp'n to Def.'s Mot. for Summ. J. [hereinafter "Pl.'s Opp'n"], at 7.) Therefore, this Court deems the DOL's arguments related to the failure to promote and assault claims as unopposed. Summary judgment on these claims in favor of the DOL is granted.

      B.      **Hostile Work Environment Claim**

Aside from its arguments on the merits, the DOL argues that Ms. Jaramillo's Title VII hostile work environment claim is time-barred. "A complainant may not bring a Title VII suit without having first received a right-to-sue letter" and suit must be filed within ninety days of receipt of the letter. See Burgh v. Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001). This 90-day period begins "when either the claimant or her attorney receives a right-to-sue letter, whichever is earlier." Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 n.1 (3d Cir. 1999). "When the actual date of receipt is known [and undisputed], that date controls." Id. Otherwise, "courts will presume that a plaintiff received her right-to-sue letter three days after [it was mailed]." Id. (citing Fed. R. Civ. P. Rule 6(e)). However, this filing requirement is not jurisdictional, being likened to a statute of limitations, and, as such, is subject to equitable tolling principles. Id., at 239-40. But, "[w]hile the 90-day rule is not a jurisdictional predicate, in the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day." Mosel v. Hills Dep't Store, Inc., 789 F.2d 251, 253 (3d Cir. 1986) (internal quotations omitted); see also Burgh, 251 F.3d at 470.

The original complaint in this matter was filed on April 30, 2007. Ms. Jaramillo asserts that she "has demonstrated that her complaint was filed within ninety days of receiving her right to sue letter." (Pl.'s Opp'n, at 5.) She has "demonstrated" this by asserting in her Amended Complaint that she received the decision letter on January 31, 2007. She further asserts in her opposition brief that "[o]n January 31, 2007, Hunt, Hamlin & Ridley [(her attorneys])] received the final agency decision." (Id., at 6 (citing to her Amended Complaint).) She does not state from whom they received the letter. The DOL's certification does not indicate that a copy was ever mailed to Hunt, Hamlin & Ridley, and they have not provided an affidavit with such information. In short, Ms. Jaramillo has provided no evidence other than two bare assertions to support her statement that she received the decision letter on January 31. She does not even include the alleged date of receipt in her sworn affidavit. Instead, Ms. Jaramillo argues that "[the DOL] has produced no evidence that Plaintiff had actual or constructive notice of the right-to-sue letter prior to January 31, 2007," asserting further that the DOL does not have a signed receipt and that the FedEx slip does not contain her full address. (Id., at 5.)

The DOL states that it mailed the letter on January 10, 2007. To support this statement, it has produced a sworn declaration from its employee who mailed the letter and has provided the certificate indicating when the letter was mailed, that it was mailed to Ms. Jaramillo, and the address where it was mailed. The certificate also identifies a FedEx tracking number to match with this address. Ms. Jaramillo has not disputed that the address on the DOL's Certificate of Service is her address. The DOL also provided a copy of the FedEx delivery information sheet showing that a package, with the tracking number identified on the certificate, was delivered on January 11, 2007. Even without the proof of delivery from FedEx, the DOL would be entitled to

Rule 6(e)'s three day presumption given that the actual date of receipt is disputed. The three day presumption is triggered by sufficient proof of mailing; proof of delivery via, for example, a signature is not required. Here, Ms. Jaramillo has produced no evidence, beyond her bare statements, that the letter was received on January 31 and not before. Such statements, without more, are insufficient to rebut Rule 6(e)'s presumption, especially in light of the DOL's submissions. See also N.L.R.B. v. FES, 301 F.3d 83, 95 (3d Cir. 2002) (unsupported or conclusory statements are inadequate proof on summary judgment); Dicroce v. Norton, 218 Fed. Appx. 171, 174 (3d Cir. 2007) (unpublished) (applying the Rule 6(e) presumption). The evidence supports a finding that Ms. Jaramillo received the decision letter on January 11 or January 13 at the latest, using the three day presumption, either of which makes the April 30 filing of this case outside the 90-day period. Ms. Jaramillo's action is untimely.

     Ms. Jaramillo argues that, even if this Court finds that her action was not commenced within the 90-day period, equitable tolling should apply. She argues that she had no reason to believe that the decision would be issued in January 2007 or that the DOL would contact her directly. Thus, she argues that she had no reason to be on the lookout for the letter. The Third Circuit has identified three situations in which equitable tolling may be appropriate: "(1) the defendant has actively misled the plaintiff, (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998) (internal quotations omitted). The burden is on the plaintiff to demonstrate that she exercised reasonable diligence and that equitable tolling is appropriate. See Byers v. Follmer Trucking Co., 763 F.2d 599, 600-01 (3d Cir. 1985). Additionally, in applying the equitable tolling rule, the Third Circuit

"has cautioned that 'procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants'" Seitzinger, 165 F.3d at 240 (quoting Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984)).  Thus, the Third Circuit "approach[es] the doctrine warily" and has stated that "[t]he law is clear that courts must be sparing in their use of equitable tolling." Id., at 239-40.  Ms. Jaramillo's arguments or explanations do not warrant the application of the extraordinary remedy of tolling.  Summary judgment in favor of the DOL on Ms. Jaramillo's hostile work environment claim is also granted.

### IV.     CONCLUSION

For the foregoing reasons, the DOL's motion is granted.  An appropriate Order accompanies this Opinion.

DATED: April 5, 2010                /s/ Jose L. Linares
                                    UNITED STATES DISTRICT JUDGE